**FILED**
**CLERK**

10/20/2022 10:43 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WAYNE CHAMBERS,

                         Plaintiff,

               -against-

ERROL TOULON, Sheriff; NEW YORK STATE,

                        Defendants.
------------------------------------------------------------------X

**ORDER**
22-CV-5463(GRB)(ARL)

**GARY R. BROWN, United States District Judge:**

        Before the Court is the renewed application to proceed *in forma pauperis* ("IFP") filed by *pro se* plaintiff Wayne Chambers ("plaintiff") while incarcerated at the Suffolk County Correctional Facility (the "Jail"). *See* Docket Entry "DE" 7. Plaintiff has filed a complaint in this Court against Suffolk County Sheriff Errol Toulon ("Sheriff Toulon") and New York State (together, "defendants") using the Court's form for civil rights actions brought pursuant to 42 U.S.C. § 1983. DE 1.

        Upon review, the Court finds that plaintiff is qualified by his financial status to commence this action without prepayment of the filing fee. Accordingly, plaintiff's renewed application to proceed IFP is granted. However, for the reasons that follow, the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

**BACKGROUND**

**1. Summary of the Complaint[1]**

        *Pro se* plaintiff's brief submission seeks to challenge the conditions of his confinement at the Jail. More specifically, plaintiff alleges, in its entirety, that:

> On 9/27/21 me and another inmate got into argument where he took a ball point pen and stab me four (4) times in my head. The C.O. that was assigned to the

---

[1] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

> company lock me in my cell after seeing my injuries.   I told him I got stab which
> he clearly could see because my face and white T-shirts was cover in blood which
> he just walk away.   About 30 minutes later the Sgt. doing his rounds with the same
> C.O. walking by my cell notice the blood on my T-shirt and face and took me to
> the medical facility where I was seen by a nurse who refered I need stitches to close
> the wound.   I was transfer by the deputy sheriff to a outside hospital were I
> received four (4) staple to close the wounds.   I also received a Scat Scan to see if
> the pen penetrate my skull.

DE 1 at 4, ¶ II.   In the space on the form complaint that calls for a description of any injuries
suffered as a result of the challenged conduct, as well as any medical treatment required and
received, plaintiff alleges:

> I stab four (4) times in my head by an inmate with an ball point pen where I received
> four (4) staple by an outside doctor to close the wound.   After returning from the
> outside hospital I received pain killer and ointment, I received a Scat Scan at the
> hospital to determine any injuries to my skull.

*Id*. at 4, ¶ II.A.   For relief, plaintiff seeks to recover a monetary damages award in the sum of $4
million "to compensate me for my injuries and suffering and the correctional officer that was
assigned that day be fined for not been at his post to stop the assault and refusing me medical
attention."   *Id*. at 5, ¶ III.

## LEGAL STANDARDS

The Second Circuit has established a two-step procedure wherein the district court first
considers whether plaintiff qualifies for *in forma pauperis* status, and then considers the merits of
the complaint under 28 U.S.C. § 1915(e)(2).   *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d
Cir. 1983).

### 1.   *In Forma Pauperis*

Upon review of the renewed IFP application, the Court finds that plaintiff is qualified by
his financial status to commence this action without the prepayment of the filing fee.   Therefore,

the application to proceed IFP (DE 7) is granted.

### 2.   Sufficiency of the Pleadings

As Judge Bianco summarized,

> A district court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.   *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).   The Court is required to dismiss the action as soon as it makes such a determination.   *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).

> It is axiomatic that district courts are required to read *pro se* complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)).   Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).   However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth."   *Iqbal*, 556 U.S. at 678 (citation omitted).

> Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Iqbal*, 556 U.S. at 678.   The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).   Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

*Patrick v. Bronx Care*, No. 14-CV-7392 (JFB)(AKT), 2014 WL 7476972, at *1-2 (E.D.N.Y. Dec.

31, 2014).

**DISCUSSION**

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.   Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).   To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See id*.   The Court analyzes plaintiff's Section 1983 claims below.

**I.      Claim Against New York State**

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."   U.S. Const. Amend. XI.   The Supreme Court has long held that the Eleventh Amendment bars suits against a state by one of its own citizens in federal court.   *See, e.g.*, *Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001).   However, sovereign immunity "is not absolute," and the Supreme Court "ha[s] recognized . . . two circumstances in which an individual may sue a State." *Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). First, "a State may waive its sovereign immunity by consenting to suit."   *Id*.   Second, "Congress may authorize such a suit in the exercise of its power to enforce the Fourteenth Amendment."   *Id.*; *see also Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 80 (2000).   Neither of these exceptions

4

applies in this case.  It is well-established that New York State has not waived its sovereign immunity from Section 1983 claims.  *See*, *e.g.*, *Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) (summary order).  Moreover, Congress did not abrogate that immunity when it enacted Section 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity[.]").  Thus, Plaintiff's Section 1983 claims against New York State are barred by the Eleventh Amendment and are thus dismissed pursuant to 28 U.S.C §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).[2]

## II.    Claim Against Sheriff Toulon

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."  *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (internal quotations marks omitted).  "[B]ald assertions and conclusions of law" are insufficient to establish personal involvement.  *See Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). Plaintiff's sparse complaint does not include any factual allegations of conduct or inaction attributable to Sheriff Toulon.  Indeed, apart from the caption and "Parties" section of the complaint, Sheriff Toulon is not again mentioned.  *See* DE 1, *in toto*.  Thus, it appears that plaintiff seeks to impose liability against Sheriff Toulon given the supervisory position he holds.

However, an individual, such as Sheriff Toulon, will not be held liable by virtue of his or her supervisory position alone.  *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977). Rather, as the Second Circuit Court of Appeals recently made clear, "there is no special rule for

---

[2] Plaintiff's Section 1983 claims are implausible for the additional reason that "neither a state nor its officials acting in their official capacities are 'persons' under § 1983" and thus no action may lie against them for money damages. *Will*, 491 U.S. at 71; *Smith v. Troulakis*, No. 22-CV-3441(GRB)(LGD), 2022 WL 3139118, at *3 n.4 (E.D.N.Y. Aug. 5, 2022).

supervisory liability" and, in order "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d. 609, 620 (2d Cir. 2020).   Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010) (summary order).

Here, as is readily apparent, plaintiff has omitted any factual allegations of conduct or inaction attributable to Sheriff Toulon. *See* DE 1 *in toto*.   Thus, in the absence of any alleged personal involvement by any Sheriff Toulon, plaintiff has not set forth a plausible Section 1983 claim against him and such claim is thus dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b).

### III.    Leave to Amend

The Second Circuit has held that "[d]istrict courts should generally not dismiss a *pro se* complaint without permitting at least one opportunity to amend, but granting leave to amend is not necessary when it would be futile." *Lamb v. Cuomo*, 698 F. App'x 1, 2 (2d Cir. 2017) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).   Here, leave to amend would be futile given that the alleged thirty-minute delay in receiving medical treatment, which is not alleged to have harmed plaintiff, does not rise to a constitutional deprivation. *See*, *e.g.*, *Smith v. Suprina*, No. 22-CV-00017(GRB)(JMW), 2022 WL 1720398, at *4 (E.D.N.Y. May 27, 2022) (*sua sponte* dismissing Section 1983 claim in the absence of any allegations of "any harm caused by the alleged three hour and twenty minute delay in medical treatment") (citing *Bradshaw v. City of New York*, 855 F. App'x 6, 10 (2d Cir. 2021) (summary order) (affirming

6

dismissal of deliberate indifference claim where medical professionals treated plaintiff for his injuries on the day he sustained them)); *McCoy v. Goord*, 255 F. Supp. 2d 233, 260 (S.D.N.Y. 2003) (dismissing *pro se* plaintiff's deliberate indifference claim based on chest pain where plaintiff failed to allege "for what serious medical condition he sought and was denied treatment, [or] what harm, if any, resulted from the delay in treatment")).

Thus, at best, plaintiff's claim sounds in negligence, a purely state law claim.   In the absence of a basis to invoke this Court's subject matter jurisdiction, amendment would be futile. Accordingly, leave to amend the complaint is denied.

## CONCLUSION

Based on the foregoing, plaintiff's application to proceed IFP is granted.   The complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b).   Leave to amend the complaint is denied.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.   *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to enter judgment and to serve a copy of this order and judgment to plaintiff at his address of record and to note such service on the docket.

**SO ORDERED**.

Dated:        October 20, 2022                          __/s/_____
              Central Islip, New York              **GARY R. BROWN**
                                                   **United States District Judge**